**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH L. MIZZONI, | No. 12-17779 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00632-LRH-WGC |
| v. | |
| DEBRA BROOKS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Joseph L. Mizzoni appeals pro se from the district court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference, retaliation, and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a dismissal under 28 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§1915(A), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Mizzoni's deliberate indifference claim related to unsanitary conditions in his cell was proper because, by alleging that prison officials cleaned his cell to the best of their ability after he complained, Mizzoni essentially conceded that defendants did not know of or consciously disregard a serious risk to Mizzoni arising from an unclean cell. *See Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994) (setting forth standard for deliberate indifference, and stating that prison officials cannot be liable unless they know of and disregard an excessive risk to inmate health or safety); *Toguchi*, 391 F.3d at 1057-58 (negligence is not sufficient to state a deliberate indifference claim).

The district court properly dismissed Mizzoni's deliberate indifference claim related to delay in the treatment of his genital rash because Mizzoni failed to allege facts showing that the delay resulted in further significant injury or the wanton infliction of pain, and because Mizzoni's disagreement about the prescribed ointments does not give rise to an Eighth Amendment violation. *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (delay in providing care does not

constitute deliberate indifference unless inmate suffers significant harm as a result); *Toguchi*, 391 F.3d at 1058 (inmate's disagreement with physician regarding his treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Mizzoni's retaliation claim because Mizzoni failed to raise a genuine dispute of material fact as to whether defendants acted with retaliatory intent in transferring him to the prison's mental health infirmary for observation on two occasions, or that their actions failed to reasonably advance legitimate correctional goals. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (setting forth elements of retaliation claim in the prison context).

We do not consider Mizzon's argument, raised for the first time on appeal, regarding the allegedly erroneous payment of his filing fees from a "money gift coupon" in his inmate trust account. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**